UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JARED JOSEPH KESSEN,

        Plaintiff,

    v.                                        Case No. 24-cv-0708-bhl

DR. IRIS TORRES, et al.,,

        Defendants.

---

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION

---

      Plaintiff Jared Joseph Kessen, who is incarcerated at Dodge Correctional Institution and representing himself, brought an action under 42 U.S.C. §1983 alleging that his civil rights were violated while he was incarcerated at the Sheboygan County Detention Center. On November 22, 2024, Magistrate Judge William E. Duffin screened the amended complaint pursuant to 28 U.S.C. §1915A and filed a Report and Recommendation in which he recommends that Defendant Dr. Iris Torres be terminated from this action because the amended complaint fails to state a claim against her. Magistrate Judge Duffin also recommends that Torres be allowed to proceed on a claim against unidentified nursing staff based on allegations of constitutionally inadequate medical care. Kessen filed an objection to the Report and Recommendation on December 5, 2024, arguing that Dr. Torres should remain in this action. For the reasons explained below, the Court will overrule Kessen's objection and will adopt Magistrate Judge Duffin's Report and Recommendation in its entirety.

      As explained in the Report and Recommendation, Kessen's amended complaint fails to include any allegations explaining what Dr. Torres did or did not to violate Kessen's rights. Section 1983 requires that an individual be personally involved in the alleged constitutional

violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id*. Kessen explains in his objection that Dr. Torres supervises the nursing staff and "speaks through every other medical person," Dkt. No. 18, but §1983 does not allow claims against supervisors for the alleged misconduct of employees who report to them. It is well-established that this theory of supervisor liability, known as the doctrine of respondeat superior, is inapplicable to claims under §1983. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Supervisory personnel can only be held liable for their own actions. The amended complaint includes no allegations from which the Court can reasonably infer that Dr. Torres was personally involved in Kessen's medical treatment or that she facilitated, directed, approved, or turned a blind eye to the actions of nursing staff, so Magistrate Judge Duffin correctly concludes that Kessen fails to state a claim against Dr. Torres.

Finally, Kessen asserts in his objection that he is seeking injunctive relief, but Kessen is no longer housed at the Sheboygan County Detention Center and is currently under the care of the State of Wisconsin, so any claim for injunctive relief is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Therefore, having considered the Report and Recommendation and Kessen's objection, the Court **OVERRULES** Kessen's objection (Dkt. No. 18) and **ADOPTS** Magistrate Judge Duffin's Report and Recommendation (Dkt. No. 17) in its entirety. The Court further **ORDERS** that this case be returned to Magistrate Judge William E. Duffin for further proceedings.

**SO ORDERED** at Milwaukee, Wisconsin on December 11, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge